Jack Griffith Rutherford (SBN 268669)
jgr@rfordlaw.com
RUTHERFORD LAW PC
2811 1/2 2nd Avenue
Los Angeles, CA 90018
Tel: (415) 794-5639

*Attorney for Johnson Plaintiffs*

Debra E. Pole (SBN 097816)
dpole@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Tel:  (213) 896-6000
Fax:  (213) 896-6600

*Attorneys for Defendant Gilead Sciences, Inc.*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARREN JOHNSON, et al., <br><br> *Plaintiffs,* <br><br> vs. <br><br> GILEAD SCIENCES, INC., <br><br> *Defendant.* | Case No. 4:23-cv-01439-JST <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DISMISSAL OF CLAIMS AND RESPONSIVE PLEADINGS** |

**JOINT STIPULATION**

Pursuant to Northern District of California Civil Local Rule 7-12, Plaintiffs in *Johnson et al. v. Gilead Sciences, Inc.*, No. 4:23-cv-01439-JST ("*Johnson*") and Defendant Gilead Sciences, Inc. ("Gilead") (collectively, the "Parties"), by and through their respective undersigned counsel of record, submit the following Stipulation and Proposed Order:

WHEREAS, on February 27, 2019, Gilead filed its motion to dismiss in the actions entitled *Holley et al. v. Gilead Sciences, Inc.*, No. 4:18-cv-06972-JST ("*Holley*"), and *Dowdy et al. v. Gilead Sciences, Inc.*, No. 4:19-cv-00481-JST ("*Dowdy*") (ECF No. 45);

WHEREAS, on May 10, 2019, the Court granted in part and denied in part Gilead's motion to dismiss in *Holley* and *Dowdy* (ECF No. 75) ("May 10 Order");

WHEREAS, the Court's May 10 Order stated that: "Plaintiffs' opposition makes clear that they are not pursuing claims that Gilead should have pursued a different drug composition after approval." (ECF No. 75 at 13 n.6);

WHEREAS, on May 10, 2019, 127 additional plaintiffs filed suit against Gilead in the action entitled *Lyons et al. v. Gilead Sciences, Inc.*, No. 4:19-cv-02538-JST ("*Lyons*");

WHEREAS, on May 31, 2019, plaintiffs filed a First Amended Consolidated Complaint for Damages (ECF No. 84) ("FAC"), including the claims of all plaintiffs from the *Holley*, *Dowdy*, and *Lyons* actions, under *Holley* as the lead case;

WHEREAS, on July 10, 2019, Gilead filed a motion to dismiss plaintiffs' FAC for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (ECF No. 91), and a motion to dismiss plaintiffs' FAC under Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6) (ECF No. 92);

WHEREAS, on October 16, 2019, the Court granted in part and denied in part Gilead's motions to dismiss plaintiffs' FAC (ECF No. 123) ("October 16 Order");

WHEREAS, the Court's October 16 Order: (1) severed and dismissed the claims of 16 California plaintiffs in order to perfect diversity jurisdiction; (2) dismissed "without leave to amend, but without prejudice to any future motion to amend on a showing of good cause," plaintiffs' fraud and consumer protection claims "to the extent they rely on allegations of affirmative

1
JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DISMISSAL OF CLAIMS
CASE NO. 4:23-CV-01439-JST (AND CONSOLIDATED AND/OR RELATED CASES)

misrepresentations rather than omissions"; and (3) dismissed without leave to amend, but without prejudice to any future motion to amend on a showing of good cause, "[p]laintiffs' post-approval, post-July 2012 failure-to-warn claims." (ECF No. 123 at 12);

WHEREAS, Gilead answered the *Holley* FAC on December 13, 2019 (ECF No. 142);

WHEREAS, on March 27, 2023, *Johnson* Plaintiffs filed suit against Gilead in this District;

WHEREAS, on August 10, 2023, the Court consolidated the *Johnson* action with the *Holley* action for pretrial purposes (ECF No. 1357);

WHEREAS, the Parties agree that, for purposes of appeal, or for any other purposes, the briefs and supporting papers, together with the oral argument, regarding Gilead's above-described motions to dismiss and the Court's orders on those motions shall be treated as having been filed and entered in the *Johnson* action;

WHEREAS, *Johnson* Plaintiffs agree that they are not asserting claims that Gilead should have changed the design of its FDA-approved TDF medications after the FDA approved the TDF medications;

WHEREAS, by stipulating to the foregoing, *Johnson* Plaintiffs do not intend to limit, in any way, their claims that Gilead should have changed the design of its TDF medications before FDA approval;

WHEREAS, *Johnson* Plaintiffs agree, without prejudice to any future motion to amend on a showing of good cause, to the dismissal of their (1) fraud and consumer protection claims to the extent they rely on allegations of affirmative misrepresentations and (2) post-approval, post-July 2012 failure-to-warn claims (ECF No. 123 at 12) if any;

WHEREAS, by stipulating to the foregoing, the Parties do not intend to waive any right to discovery or to appeal from the decisions of the Court discussed herein;

WHEREAS, the Parties wish to avoid further unnecessary motion practice on the pleadings at this time, and to avoid the burdens of requiring similar answers to successive complaints; and

WHEREAS, the Parties request that the Court issue an Order staying Gilead's deadline to respond to the *Johnson* Complaint, and requiring agreement of the Parties or leave of Court for the filing of a motion to dismiss the *Johnson* Complaint.

THEREFORE, IT IS HEREBY STIPULATED, by and between the Parties, through their respective undersigned counsel of record, and pursuant to Civil Local Rule 7-12, that:

1. The briefs and supporting papers, together with the oral argument, regarding Gilead's motions to dismiss in the *Holley*, *Dowdy*, and *Lyons* actions and the Court's orders on those motions shall be treated as having been filed and entered in the *Johnson* action.

2. *Johnson* Plaintiffs are not asserting claims that Gilead should have changed the design of its FDA-approved TDF medications after the FDA approved the TDF medications.

3. Any fraud and consumer protection claims that rely on allegations of affirmative misrepresentations, rather than omissions, are dismissed from the *Johnson* action without leave to amend, but without prejudice to any future motion to amend on a showing of good cause.

4. Any post-approval, post-July 2012 failure-to-warn claims are dismissed from the *Johnson* action without leave to amend, but without prejudice to any future motion to amend on a showing of good cause.

5. Gilead's deadline to respond to the *Johnson* Complaint is hereby stayed pending further order of the Court.

6. Except if *Johnson* Plaintiffs files an amended complaint, Gilead shall not file a motion to dismiss any claim or complaint in the *Johnson* action without first obtaining either the agreement thereto of *Johnson* Plaintiffs or leave of court.

7. Nothing herein is intended to or constitutes a waiver of any Party's discovery or appellate rights.

**STIPULATED AND AGREED TO BY:**

Dated: August 29, 2023                          RUTHERFORD LAW PC

By: */s/ Jack Griffith Rutherford*
Jack Griffith Rutherford (SBN 268669)
jgr@rfordlaw.com
RUTHERFORD LAW PC
2811 1/2 2nd Avenue

|   |   |   |
|---|---|---|
| | | Los Angeles, CA 90018<br>Tel: (415) 794-5639 |
| | | *Attorney for Johnson Plaintiffs* |
| Dated: August 29, 2023 | | SIDLEY AUSTIN LLP |
| | By: | /s/ *Joshua E. Anderson*<br>Debra E. Pole (SBN 97816)<br>dpole@sidley.com<br>Joshua E. Anderson (SBN 211320)<br>janderson@sidley.com<br>Sean A. Commons (SBN 217603)<br>scommons@sidley.com<br>SIDLEY AUSTIN LLP<br>555 West Fifth Street, Suite 4000<br>Los Angeles, CA 90013<br>Tel: (213) 896-6000<br>Fax: (213) 896-6600 |
| | | *Attorneys for Defendant Gilead Sciences, Inc.* |

4

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DISMISSAL OF CLAIMS
CASE NO. 4:23-CV-01439-JST (AND CONSOLIDATED AND/OR RELATED CASES)

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2023 I electronically filed the foregoing with the Court using the CM/ECF system, and thereby delivered the foregoing by electronic means to all counsel of record.

*/s/ Joshua E. Anderson*
Joshua E. Anderson

5

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DISMISSAL OF CLAIMS
CASE NO. 4:23-CV-01439-JST (AND CONSOLIDATED AND/OR RELATED CASES)

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)(3)**

I am the ECF User whose identification and password are being used to file the foregoing Stipulation and [Proposed] Order Regarding Dismissal of Claims and Responsive Pleadings. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the other signatories have concurred in this filing.

          */s/ Joshua E. Anderson*
          Joshua E. Anderson

6

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DISMISSAL OF CLAIMS
CASE NO. 4:23-CV-01439-JST (AND CONSOLIDATED AND/OR RELATED CASES)

**[PROPOSED] ORDER**

Pursuant to the foregoing stipulation of the parties and good cause appearing, it is hereby ORDERED as follows:

1. The above stipulation is GRANTED.

2. The briefs and supporting papers, together with the oral argument, regarding Gilead's motions to dismiss in the *Holley*, *Dowdy*, and *Lyons* actions and the Court's orders on those motions shall be treated as having been filed and entered in the *Johnson* action.

3. *Johnson* Plaintiffs are not asserting claims that Gilead should have changed the design of its FDA-approved TDF medications after the FDA approved the TDF medications.

4. Any fraud and consumer protection claims that rely on allegations of affirmative misrepresentations, rather than omissions, are dismissed from the *Johnson* action without leave to amend, but without prejudice to any future motion to amend on a showing of good cause.

5. Any post-approval, post-July 2012 failure-to-warn claims are dismissed from the *Johnson* action without leave to amend, but without prejudice to any future motion to amend on a showing of good cause.

6. Gilead's deadline to respond to the *Johnson* Complaint is hereby stayed pending further order of the Court.

7. Except if *Johnson* Plaintiffs file an amended complaint, Gilead shall not file a motion to dismiss any claim or complaint in the *Johnson* action without first obtaining either the agreement thereto of *Johnson* Plaintiffs or leave of court.

8. Nothing herein is intended to or constitutes a waiver of any Party's discovery or appellate rights.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____, 2023

_____
Honorable Jon S. Tigar
United States District Judge

7

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DISMISSAL OF CLAIMS
CASE NO. 4:23-CV-01439-JST (AND CONSOLIDATED AND/OR RELATED CASES)