Eva M. Weiler (SBN 233942)
eweiler@shb.com
SHOOK, HARDY & BACON L.L.P.
5 Park Plaza, Suite 1600
Irvine, CA 92614
Phone: (949) 475-1500 / Fax: (949) 475-0016

Patrick Oot (pro hac vice)
oot@shb.com
SHOOK, HARDY & BACON L.L.P.
1800 K. Street N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 783-8400 / Fax: (202) 783-4211

Eric Anielak (pro hac vice)
eanielak@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Phone: (816) 474-6550 / Fax: (816) 421-5547

*Attorneys for Defendant Gilead Sciences, Inc.*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN HOLLEY, et al., | Case No. 4:18-cv-06972-JST |
| *Plaintiffs,* | |
| vs. | **DEFENDANT GILEAD SCIENCES, INC.'S NOTICE OF MOTION AND TENTH MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR FAILURE TO SERVE PLAINTIFF FACT SHEETS** |
| GILEAD SCIENCES, INC., | |
| *Defendant.* | |
| *This Motion relates to the Plaintiffs listed on Exhibit A attached to the concurrently filed Declaration of Eva M. Weiler and originally filed in the following cases:* | [Filed concurrently with the Declaration of Eva M. Weiler] |
| *Danner, et al. v. Gilead Sciences, Inc.,* 4:23-cv-01517-JST; | Assigned to: Hon. Jon S. Tigar<br>Hearing Date: February 22, 2024<br>Hearing Time: 2:00 p.m.<br>Location: Courtroom 6<br>(by videoconference) |
| *Johnson, D., et al. v. Gilead Sciences, Inc.,* 3:23-cv-01439-JST; | |

1

DEFENDANT GILEAD SCIENCES, INC.'S NOTICE OF MOTION AND TENTH MOTION TO DISMISS
PLAINTIFFS' CLAIMS FAILURE TO SERVE PLAINTIFF FACT SHEETS – NO. 4:18-cv-06972-JST

*Lytch v. Gilead Sciences, Inc.*,
4:23-cv-01715-JST;

*Sutton, A., et al. v. Gilead Sciences, Inc.*,
4:23-cv-00701-JST;

*Sutton, Anita, et al. v. Gilead Sciences, Inc.*, 4:23-cv-02607-JST.

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 22, 2024, at 2:00 p.m. PT, or as soon thereafter as counsel may be heard, before the Honorable Jon S. Tigar, in Courtroom 6 of the United States District Court for the Northern District of California, by videoconference, in accordance with General Order No. 78 and the Court's scheduling notes, Defendant Gilead Sciences, Inc. ("Gilead") moves this Court to dismiss certain Plaintiffs' claims for failure to submit a Plaintiff Fact Sheet ("PFS") as required by this Court's prior orders. This Motion is based on Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b), the Court's Case Management Order on Plaintiff Fact Sheets and Document Productions (ECF No. 83) ("PFS CMO"), the Court's Amended Scheduling Order (ECF No. 278), the supporting Memorandum of Points and Authorities, the accompanying Declaration of Eva M. Weiler ("Weiler Decl."), the pleadings and filings in this action, and any further evidence or argument properly before the Court.

## STATEMENT OF RELIEF SOUGHT

Gilead seeks an order dismissing Plaintiffs' claims for failure to prosecute and failure to comply with the Court's Orders by not serving PFSs.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b), and this Court's PFS CMO and Amended Scheduling Order (ECF No. 278) (collectively, "Court's Orders"), Gilead moves to dismiss the claims of the 80 Plaintiffs listed in Weiler Decl. Exhibit A ("Plaintiffs"). Plaintiffs are parties to this action or actions consolidated for pretrial purposes with this action, and are accordingly

2

DEFENDANT GILEAD SCIENCES, INC.'S NOTICE OF MOTION AND TENTH MOTION TO DISMISS
PLAINTIFFS' CLAIMS FAILURE TO SERVE PLAINTIFF FACT SHEETS – NO. 4:18-cv-06972-JST

subject to the Court's Orders. Each, therefore, was required to submit a PFS by the deadlines set by those Orders. To date, Plaintiffs have failed to serve PFSs, even though Gilead has sent Plaintiffs delinquency notices and has met and conferred with Plaintiffs' counsel. Plaintiffs' failures prejudice Gilead's ability to prepare its defenses and will result in prolonging an already lengthy and complex litigation. The proper sanction for Plaintiffs' discovery violations and failure to prosecute is dismissal. *See* PFS CMO, ¶ 2(b); Fed. R. Civ. P. 37(b)(2)(A)(v), 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1232-43 (9th Cir. 2006) (affirming dismissal because plaintiffs failed to timely produce PFSs). Accordingly, Gilead respectfully requests that Plaintiffs' claims be dismissed without prejudice.

## STATEMENT OF ISSUE TO BE DECIDED

Whether the Court should dismiss Plaintiffs' claims for failure to prosecute and for violating the Court's Orders by failing to serve PFSs.

## STATEMENT OF FACTS

Plaintiffs are parties to this action or actions consolidated for pretrial purposes with this action and are accordingly subject to the Court's Orders. Each, therefore, was required to complete and serve a substantially complete PFS within the later of (i) sixty days of the entry of the PFS CMO, (ii) sixty days of the date the PFS was available online, or (iii) sixty days of the date of an order consolidating the Plaintiff's case with *Holley*. *See* PFS CMO, ¶ 1(b).

The PFS is the fundamental vehicle by which Gilead is entitled to discover basic information about Plaintiffs and their claims. It serves the function of a set of interrogatories under Federal Rule of Civil Procedure 33. *See* PFS CMO, ¶ (1)(e). If a Plaintiff fails to serve a PFS, the PFS CMO requires Gilead to notify Plaintiff's counsel in writing and allow thirty days for Plaintiff to cure the delinquency. *See id.*, ¶ 2(a). If a Plaintiff still fails to serve a PFS after receipt of a delinquency letter, the expiration of the 30-day cure period, and a meet-and-confer with Plaintiff's counsel, Gilead can "move the Court for an order dismissing the Plaintiff's claims." *Id.* ¶ 2(b).

Plaintiffs' PFSs were originally due no later than October 9, 2023. After they failed to meet their PFS service deadlines, Gilead served Plaintiffs with delinquency notices providing an additional

3

DEFENDANT GILEAD SCIENCES, INC.'S NOTICE OF MOTION AND TENTH MOTION TO DISMISS
PLAINTIFFS' CLAIMS FAILURE TO SERVE PLAINTIFF FACT SHEETS – NO. 4:18-CV-06972-JST

30 days by which Plaintiffs were to serve completed PFSs. *See* Weiler Decl., Ex. B (Exemplar Delinquency Notices). Given the time that has passed between expiration of the relevant deadlines and the filing of this Motion, Plaintiffs were provided between two and eight additional months to cure their PFS delinquencies after they missed their initial (60-day) PFS deadline established through the Court's Orders. None of the Plaintiffs met their PFS deadlines or subsequently cured their delinquencies over the months they were able to do so. *See* Weiler Decl., Ex. A (Plaintiffs List). Gilead's counsel met and conferred with some of Plaintiffs' counsel to discuss Plaintiffs' failures to serve PFSs. *See id*. As of the date of this Motion, none of the Plaintiffs has submitted PFSs.

## LEGAL STANDARD

The PFS CMO expressly contemplates dismissal for failure to serve PFSs. PFS CMO ¶ 2(b). Moreover, Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits the Court to "dismiss[] the action or proceeding in whole or in part" where a party "fails to obey an order to provide or permit discovery." Rule 41(b) also states that, where a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may order dismissal of the claim. When deciding whether to dismiss a case for failure to comply with a court order, courts within the Ninth Circuit weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d at 1226 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

## ARGUMENT

The Ninth Circuit and other federal appellate courts regularly affirm dismissal of claims where plaintiffs have failed to timely serve PFSs. *See, e.g.*, *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d at 1232-43; *In re Taxotere (docetaxel) Prods. Liab. Litig.*, 966 F.3d 351 (5th Cir. 2020); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867–68 (8th Cir. 2007); *Nwatulegwu v. Boehringer Ingelheim Pharm., Inc.*, 668 F. App'x 173, 175 (7th Cir. Aug. 22, 2016). Here, the Ninth Circuit's five-factor test weighs in favor of dismissal of Plaintiffs' claims.

*First*, Plaintiffs' delay in serving PFSs is unreasonable given that they have been on notice of their PFS obligations since as early as their consolidation dates between January and August 2023— as late as four months ago. The obligation for Plaintiffs to serve PFSs within sixty days of consolidation of their complaints with *Holley* has remained constant. Plaintiffs' PFSs were originally due between March and October 2023. *See* Weiler Decl., Ex. A (Plaintiffs List). Plaintiffs have now had a minimum of more than 120 days to comply with their PFS obligations. "Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits . . . is costly in money, memory, manageability, and confidence in the process." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d at 1227 (citation omitted). Dismissal is warranted because any additional delay will only further strain the limited resources of the Court and the resources of the parties.

*Second*, "[d]istrict courts have an inherent power to control their dockets" and "may impose sanctions including, where appropriate, . . . dismissal" when a plaintiff disobeys discovery orders. *Id.* Given the number of active Plaintiffs in these consolidated cases (more than 2,600) and the substantial resources expended by the litigants and the Court in managing the proceeding, further efforts to obtain responses from Plaintiffs who have made no effort to comply with their discovery obligations under the PFS CMO are unwarranted.

Terminating sanctions are appropriate given that none of the Plaintiffs has made any effort to comply with this Court's Orders. Indeed, the Court has already dismissed more than 580 plaintiffs on Gilead's prior Motions to Dismiss due to their failure to serve PFSs as ordered. *See* ECF No. 467 (Order dismissing claims of 169 plaintiffs on Gilead's first delinquency-based Motion to Dismiss); ECF No. 544 (Order dismissing claims of 47 plaintiffs on Gilead's second delinquency-based Motion to Dismiss); ECF No. 697 (Order dismissing claims of 34 plaintiffs on Gilead's third delinquency-based Motion to Dismiss); ECF No. 831 (Order dismissing claims of 10 plaintiffs on Gilead's fourth delinquency-based Motion to Dismiss); ECF No. 866 (Order dismissing claims of 10 plaintiffs on Gilead's first delinquency-based Motion to Dismiss *pro se* plaintiffs); ECF No. 1137 (Order dismissing claims of 45 plaintiffs on Gilead's second delinquency-based Motion to Dismiss *pro se*

5

DEFENDANT GILEAD SCIENCES, INC.'S NOTICE OF MOTION AND TENTH MOTION TO DISMISS
PLAINTIFFS' CLAIMS FAILURE TO SERVE PLAINTIFF FACT SHEETS – NO. 4:18-CV-06972-JST

plaintiffs);  ECF No. 1241 (Order dismissing claims of 122 plaintiffs on Gilead's third delinquency-based Motion to Dismiss *pro se* plaintiffs);  ECF 1408 (Order dismissing claims of 147 *pro se* plaintiffs on Gilead's fourth delinquency-based Motion to Dismiss *pro se* plaintiffs).

*Third*, Gilead has suffered and continues to suffer prejudice as a result of Plaintiffs' failure to serve PFSs. "'A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case.' Failing to produce documents as ordered is considered sufficient prejudice." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d at 1227 (citations omitted). Plaintiffs' PFSs were all due no later than 10 weeks ago. It is now late-December 2023, and Plaintiffs still have not complied with their Court-ordered obligations, despite notice and an opportunity to cure. Plaintiffs have made adjudication of their cases impossible, and thus, dismissal is appropriate.

*Fourth*, while public policy may favor disposition of cases on their merits, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *Id.* at 1228. Thus, this factor also weighs in favor of dismissal as Plaintiffs have unnecessarily stalled the progress of their cases.

*Finally*, "[w]arning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." *Id.* at 1229. The PFS CMO explicitly calls for Gilead to "move the Court for an order dismissing the Plaintiff's claims" if a plaintiff fails to serve a PFS. *See* PFS CMO, ¶ 2(b). Thus, Plaintiffs have been on notice of the possibility of dismissal since August 2023, when the last Plaintiffs were consolidated with this litigation, *at the latest*, and as early as January 2023, when the first Plaintiff was consolidated with this litigation. Because the Court has already warned of the possibility of dismissal if a Plaintiff fails to serve a PFS, this factor also weighs in favor of dismissal.

## CONCLUSION

Plaintiffs have proven unable or unwilling to complete and serve PFSs, as required under the PFS CMO. Indeed, it appears that Plaintiffs are no longer active in pursuing their claims in this litigation. Each of the five factors to be considered in determining whether to dismiss a case for failure

to comply with a court order supports dismissal of Plaintiffs' claims. Because of their failure to prosecute their cases, including their failure to comply with the Court's Orders, Gilead respectfully requests that the Court dismiss Plaintiffs' claims without prejudice.

Dated: December 20, 2023

SHOOK, HARDY & BACON L.L.P.

By:   */s/ Eva M. Weiler*

Eva M. Weiler (SBN 233942)
eweiler@shb.com
5 Park Plaza, Suite 1600
Irvine, CA 92614
Phone: (949) 475-1500
Fax: (949) 475-0016

Patrick Oot (pro hac vice)
oot@shb.com
Jesse Weisshaar (pro hac vice)
jweisshaar@shb.com
SHOOK, HARDY & BACON L.L.P
1800 K. Street N.W.
Washington, D.C. 20006
Phone: (202) 783-8400
Fax: (202) 783-4211

Eric Anielak (pro hac vice)
eanielak@shb.com
Christopher Cotton (pro hac vice)
ccotton@shb.com
Jeremiah S. Wikler (pro hac vice)
jwikler@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

Bart Williams (SBN 134009)
bwilliams@proskauer.com
Susan Gutierrez (SBN 273980)
sgutierrez@proskauer.com
Kyle Casazza (SBN 254061)
kcasazza@proskauer.com
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Phone: (310) 557-2900

Lee Popkin (pro hac vice)
lpopkin@proskauer.com
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
Phone: (212) 969-3000

Meghan Kelly (SBN 292236)
meghan.kelly@orrick.com
Andrew D. Silverman (SBN 246539)
asilverman@orrick.com
Naomi J. Scotten (pro hac vice)
nscotten@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10015
Phone: (212) 506-5000
Fax: (212) 506-5151

Tarek Ismail (pro hac vice)
tismail@goldmanismail.com
Rami Fakhouri (pro hac vice)
rfakhouri@goldmanismail.com
Michael Casner (pro hac vice)
mcasner@goldmanismail.com
GOLDMAN, ISMAIL, TOMASELLI,
BRENNAN & BAUM LLP
200 South Wacker Drive, 22nd Floor
Chicago, IL 60606
Phone: (312) 681-6000
Fax: (312) 881-5191

*Attorneys for Defendant Gilead Sciences, Inc.*

1

## <u>CERTIFICATE OF SERVICE</u>

2
3
4

     I hereby certify that on this 20th day of December, 2023, I electronically filed the foregoing with the Court using the CM/ECF system, and thereby delivered the foregoing by electronic means to all counsel of record.

5
6
7

                                 */s/ Eva M. Weiler*
                                   Eva M. Weiler

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT GILEAD SCIENCES, INC.'S NOTICE OF MOTION AND TENTH MOTION TO DISMISS
PLAINTIFFS' CLAIMS FAILURE TO SERVE PLAINTIFF FACT SHEETS – NO. 4:18-CV-06972-JST