Eva M. Weiler (SBN: 233942)
eweiler@shb.com
SHOOK, HARDY & BACON L.L.P.
5 Park Plaza, Suite 1600
Irvine, CA 92614
Phone: (949) 475-1500 / Fax: (949) 475-0016

Patrick Oot (*pro hac vice*)
oot@shb.com
SHOOK, HARDY & BACON L.L.P.
1800 K. Street N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 783-8400 / Fax: (202) 783-4211

Eric Anielak (*pro hac vice*)
eanielak@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Phone: (816) 474-6550 / Fax: (816) 421-5547

*Attorneys for Defendant Gilead Sciences, Inc.*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN HOLLEY, et al.,<br><br>    *Plaintiffs*,<br><br>   vs.<br><br>GILEAD SCIENCES, INC.,<br><br>    *Defendant.*<br><br>*This Motion relates to Plaintiff Darren Johnson, whose claim was originally filed in Johnson, D., et al. v. Gilead Sciences, Inc., Case No. 3:23-cv-01439-JST* | Case No. 4:18-cv-06972-JST<br><br>**DEFENDANT GILEAD SCIENCES, INC.'S NOTICE OF MOTION AND FIFTH MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR FAILURE TO RESPOND TO PLAINTIFF FACT SHEET DEFICIENCY NOTICE**<br><br>[Filed concurrently with the Declaration of Eva M. Weiler; [Proposed] Order of Dismissal]<br><br>Assigned to:    Hon. Jon S. Tigar<br>Hearing Date:    August 15, 2024<br>Hearing Time:    2:00 p.m.<br>Location:    Courtroom 6<br>                  (by videoconference) |

1

## NOTICE OF MOTION

2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3     PLEASE TAKE NOTICE that on August 15, 2024, at 2:00 PM PT, or as soon thereafter as counsel

4     may be heard, before the Honorable Jon S. Tigar, in Courtroom 6 of the United States District Court

5     for the Northern District of California, by videoconference, in accordance with General Order No. 78

6     and the Court's scheduling notes, Defendant Gilead Sciences, Inc. ("Gilead") moves this Court to

7     dismiss Plaintiff Darren Johnson's claims for failing to serve a supplemental Plaintiff Fact Sheet

8     ("PFS") or otherwise respond to Gilead's PFS deficiency notices. This Motion is based on Federal

9     Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b), the Court's Case Management Order on Plaintiff

10    Fact Sheets and Document Productions (ECF No. 83) ("PFS CMO"), the Court's Amended Scheduling

11    Order (ECF No. 278), the supporting Memorandum of Points and Authorities, the accompanying

12    Declaration of Eva M. Weiler ("Weiler Decl."), the pleadings and filings in this action, and any further

13    evidence or argument properly before the Court.

14

## STATEMENT OF RELIEF SOUGHT

15    Gilead seeks an order dismissing Plaintiff Darren Johnson's claims for failure to prosecute and

16    failure to comply with the Court's Orders by not serving supplemental PFSs or otherwise responding

17    to Gilead's PFS deficiency notices.

18

## MEMORANDUM OF POINTS AND AUTHORITIES

19    **I.      INTRODUCTION**

20    Pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b), and this Court's PFS

21    CMO and Amended Scheduling Order (ECF No. 278) (collectively, "Court's Orders"), Gilead moves

22    to dismiss the claims of Plaintiff Darren Johnson. Plaintiff is a party to actions consolidated with this

23    action for pretrial purposes, and is accordingly subject to the Court's Orders. Plaintiff, therefore, was

24    required to serve a supplemental PFS or otherwise respond to Gilead's deficiency notice. Plaintiff

25    failed to do so, thereby prejudicing Gilead's ability to prepare its defenses and prolonging an already

26    lengthy and complex litigation. The proper sanction for these discovery violations and failure to

27    prosecute is dismissal. *See* PFS CMO, ¶ 2(b) ("If after service of a deficiency letter, Plaintiff fails to

28

2

DEFENDANT GILEAD SCIENCES, INC.'S NOTICE OF MOTION AND FIFTH MOTION TO DISMISS
PLAINTIFF'S CLAIMS FOR FAILURE TO RESPOND TO PLAINTIFF FACT SHEET DEFICIENCY NOTICE –
NO. 4:18-CV-06972-JST

submit a PFS or otherwise fails to [timely] cure the alleged deficiency . . . Defendant may . . . move the Court for an order dismissing the Plaintiff's claims without prejudice"); Fed. R. Civ. P. 37(b)(2)(A)(v), 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.,* 460 F.3d 1217, 1232-43 (9th Cir. 2006) (affirming dismissal because plaintiffs failed to timely produce PFSs). Accordingly, Gilead respectfully requests that Plaintiff's claims be dismissed without prejudice.

## II.     STATEMENT OF ISSUE TO BE DECIDED

Whether the Court should dismiss Plaintiff's claims for failure to prosecute and for violating the Court's Orders by failing to serve supplemental PFSs or otherwise respond to Gilead's PFS deficiency notices.

## III.    STATEMENT OF FACTS

Plaintiff is a party to this action or actions consolidated for pretrial purposes with this action and are accordingly subject to the Court's Orders. Each, therefore, was required to complete and serve a substantially complete PFS within the later of (i) sixty days of the entry of the PFS CMO, (ii) sixty days of the date the PFS was available online, or (iii) sixty days of the date of an order consolidating the Plaintiff's case with *Holley*. *See* PFS CMO, ¶ 1(b).

The PFS is the fundamental vehicle by which Gilead is entitled to discover basic information about Plaintiffs and their claims. It serves the function of a set of interrogatories under Federal Rule of Civil Procedure 33. *See* PFS CMO, ¶ (1)(e). For a PFS to be substantially complete, Plaintiffs must (1) answer each question to the best of their abilities, (2) produce all responsive documents, (3) produce completed and executed authorizations, and (4) provide signed declarations verifying that all information provided is true and correct. *See id.*, ¶ 1(d)(1)-(4). If a PFS is deficient, the PFS CMO sets forth a process for Gilead to provide the Plaintiff with notice of the deficiencies and affords the Plaintiff an opportunity to cure. *See id.*, ¶ 2(a).

The Plaintiff served Gilead with an initial PFS that was deficient in some respect (e.g., failure to identify the dates TDF medications were allegedly used; plaintiff failed to identify the full name of his TDF rx'r). *See* Weiler Decl., Ex. A (Exemplar Deficiency Notice). In accordance with the PFS CMO, Gilead served Plaintiff with an individualized deficiency notice that "notif[ied] Plaintiff's

3

attorney of record of the purported deficiencies." PFS CMO, ¶ 2(a); *see* Weiler Decl., Ex. A (Exemplar Deficiency Notice). Pursuant to the PFS CMO, Plaintiff was permitted 30 days to respond to Gilead's PFS deficiency notice "to correct the alleged deficiency." PFS CMO, ¶ 2(a); *see* Weiler Decl., Ex. A (Exemplar Deficiency Notices). Responding to a deficiency notice necessarily calls for service of a supplemental PFS or some other response (such as correspondence indicating why the missing information was not provided and/or explaining the efforts undertaken in attempt to collect it). Plaintiff Darren Johnson has had more than two months to respond to Gilead's deficiency notice but has failed to do so. *See* Weiler Decl., Ex. A (Exemplar Deficiency Notice).

## IV. LEGAL STANDARD

The PFS CMO expressly contemplates dismissal for failure to respond to deficiency notices. PFS CMO, ¶ 2(b) ("If after service of a deficiency letter, Plaintiff fails to submit a PFS or otherwise fails to cure the alleged deficiency" by the Court-ordered or as-agreed deadline, "Defendant may . . . move the Court for an order dismissing the Plaintiff's claims without prejudice."). Moreover, Rule 37(b)(2)(A)(v) permits the Court to "dismiss[] the action or proceeding in whole or in part" where a party "fails to obey an order to provide or permit discovery." Rule 41(b) also states that, where a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may order dismissal of the claim. When deciding whether to dismiss a case for failure to comply with a court order, courts within the Ninth Circuit weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d at 1226 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

## V. ARGUMENT

The Ninth Circuit and other federal appellate courts regularly affirm dismissal of claims where plaintiffs have failed to timely submit PFSs. *See, e.g.*, *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d at 1232–43; *In re Taxotere (docetaxel) Prods. Liab. Litig.*, 966 F.3d 351 (5th Cir. 2020); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867–68 (8th

4

DEFENDANT GILEAD SCIENCES, INC.'S NOTICE OF MOTION AND FIFTH MOTION TO DISMISS
PLAINTIFF'S CLAIMS FOR FAILURE TO RESPOND TO PLAINTIFF FACT SHEET DEFICIENCY NOTICE –
NO. 4:18-CV-06972-JST

Cir. 2007); *Nwatulegwu v. Boehringer Ingelheim Pharm., Inc.*, 668 F. App'x 173, 175 (7th Cir. Aug. 22, 2016). Here, the Ninth Circuit's five-factor test weighs in favor of dismissal of Plaintiff's claims.

*First*, Plaintiff's delay in responding to deficiency notices is unreasonable given that Plaintiff has been on notice of his PFS obligations since the consolidation date for Plaintiff's claims in August 2023—more than ten months ago. Gilead sent Plaintiff a deficiency notice on April 15, 2024. *See* Weiler Decl., Ex. A (Exemplar Deficiency Notice). It is now June 19, 2024. Thus, Plaintiff has had more than 60 days to cure the deficiencies identified by Gilead. But Plaintiff and his counsel have ignored their court-ordered deadlines, failing to respond at all to Gilead's deficiency notice. "Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits . . . is costly in money, memory, manageability, and confidence in the process." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d at 1227 (citation omitted). Dismissal is warranted because any additional delay will only further strain the limited resources of the Court and the resources of the parties.

*Second*, "[d]istrict courts have an inherent power to control their dockets" and "may impose sanctions including, where appropriate, . . . dismissal" when a plaintiff disobeys discovery orders. *Id.* Given the number of active Plaintiffs in this consolidated action (approximately 2,500) and the substantial resources expended by the litigants and the Court in managing the proceeding and attempting to obtain discovery, Plaintiff's disregard of his discovery obligations must be addressed. Terminating sanctions are appropriate given that the Plaintiff has not made an effort to comply with this Court's Orders.

Indeed, the Court has previously demonstrated its willingness to dismiss the claims of almost 700 plaintiffs on Gilead's prior Motions to Dismiss due to their failure to serve PFSs and failure to serve substantially complete PFSs. *See* ECF No. 467 (Order dismissing claims of 169 plaintiffs on Gilead's first delinquency-based Motion to Dismiss); ECF No. 544 (Order dismissing claims of 47 plaintiffs on Gilead's second delinquency-based Motion to Dismiss); ECF No. 697 (Order dismissing claims of 34 plaintiffs on Gilead's third delinquency-based Motion to Dismiss); ECF No. 831 (Order dismissing claims of 10 plaintiffs on Gilead's fourth delinquency-based Motion to Dismiss and of 16

5

plaintiffs for failure to serve substantially complete PFSs); ECF No. 866 (Order dismissing claims of 10 plaintiffs on Gilead's first delinquency-based Motion to Dismiss *pro se* plaintiffs); ECF No. 1137 (Order dismissing claims of 45 plaintiffs on Gilead's second delinquency-based Motion to Dismiss *pro se* plaintiffs); ECF No. 1138 (Order dismissing claims of 17 *pro se* plaintiffs on Gilead's first deficiency-based Motion to Dismiss *pro se* plaintiffs); ECF No. 1240 (Order dismissing claims of 36 plaintiffs on Gilead's second deficiency-based Motion to Dismiss *pro se* plaintiffs); ECF No. 1241 (Order dismissing claims of 122 plaintiffs on Gilead's third delinquency-based Motion to Dismiss *pro se* plaintiffs); ECF No. 1408 (Order dismissing claims of 147 plaintiffs on Gilead's third deficiency-based Motion to Dismiss *pro se* plaintiffs); ECF No. 1592 (Order dismissing claims of 6 plaintiffs on Gilead's fourth delinquency-based Motion to Dismiss *pro se* plaintiffs); ECF No. 1593 (Order dismissing claims of 33 plaintiffs on Gilead's fourth deficiency-based Motion to Dismiss *pro se* plaintiffs).

*Third*, Gilead has suffered and continues to suffer prejudice as a result of Plaintiff's failure to respond to Gilead's PFC deficiency notice. "'A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case.' Failing to produce documents as ordered is considered sufficient prejudice." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d at 1227 (citations omitted). The need for Plaintiffs to respond to the PFS deficiencies identified by Gilead is significant. Plaintiffs' responses to the PFS questions are, at least initially, the primary means by which Gilead can evaluate their claims. Indeed, the PFS is designed to be a tool to allow Gilead the ability to assess, on a foundational level, the claims of *almost 2,500* plaintiffs. Examples of the deficiencies identified by Gilead and that Gilead has asked Plaintiff to cure include incomplete information about the TDF medications Plaintiff claims to have ingested, including alleged dates of use; incomplete information about the healthcare provider who prescribed the TDF medications Plaintiffs claim to have ingested; and/or incomplete information about the injuries Plaintiff allege were caused by ingestion of TDF medications. *See* Weiler Decl., Ex. A (Exemplar Deficiency Notice). That the Plaintiff is unable (or unwilling)—in the first instance—to provide the information requested in the PFS about their pending claims against

6

DEFENDANT GILEAD SCIENCES, INC.'S NOTICE OF MOTION AND FIFTH MOTION TO DISMISS
PLAINTIFF'S CLAIMS FOR FAILURE TO RESPOND TO PLAINTIFF FACT SHEET DEFICIENCY NOTICE –
NO. 4:18-CV-06972-JST

Gilead is telling. Even more telling, however, is Plaintiff's refusal to provide supplemental information once Gilead specifically identifies the information it needs to evaluate the claims of these individuals. Plaintiff has hampered Gilead's ability to defend against Plaintiff's claims, and thus, dismissal is appropriate.

*Fourth*, while public policy may favor disposition of cases on their merits, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *Id.* at 1228. Thus, this factor also weighs in favor of dismissal as Plaintiff has unnecessarily stalled the progress of his case.

*Finally*, "[w]arning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." *Id.* at 1229. The PFS CMO explicitly calls for Gilead to "move the Court for an order dismissing the Plaintiff's claims," should a plaintiff fail to cure an alleged deficiency. *See* PFS CMO, ¶ 2(b). Thus, Plaintiff has been on notice of the possibility of dismissal since *at least* April 2023, when the last Plaintiff was consolidated with this litigation. Plaintiff has also witnessed the Court's dismissal of other plaintiffs' claims whose discovery failures were similar to that of his own. Therefore, this factor also weighs in favor of dismissal.

## VI.    CONCLUSION

Plaintiff is no longer active in pursuing his claims in this litigation. Each of the five factors to be considered in determining whether to dismiss a case for failure to comply with a court order supports dismissal of Plaintiff's claims. Accordingly, Gilead respectfully requests that the Court dismiss Plaintiff's claims without prejudice.

Dated: June 20, 2024                                  SHOOK, HARDY & BACON L.L.P.

                                                      By:    /s/ *Eva M. Weiler*
                                                             Eva M. Weiler

                                                             Patrick Oot (*pro hac vice*)
                                                             oot@shb.com
                                                             Jesse Weisshaar (*pro hac vice*)
                                                             jweisshaar@shb.com
                                                             SHOOK, HARDY & BACON L.L.P

1800 K. Street N.W.
Washington, D.C. 20006
Phone: (202) 783-8400
Fax: (202) 783-4211

Eric Anielak (*pro hac vice*)
eanielak@shb.com
Christopher Cotton (*pro hac vice*)
ccotton@shb.com
Jeremiah S. Wikler (*pro hac vice*)
jwikler@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

Bart Williams (SBN:: 134009)
bwilliams@proskauer.com
Susan Gutierrez (SBN:: 273980)
sgutierrez@proskauer.com
Kyle Casazza (SBN:: 254061)
kcasazza@proskauer.com
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Phone: (310) 557-2900

Lee Popkin (*pro hac vice*)
lpopkin@proskauer.com
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
Phone: (212) 969-3000

Meghan Kelly (SBN:: 292236)
meghan.kelly@orrick.com
Andrew D. Silverman (SBN:: 246539)
asilverman@orrick.com
Naomi J. Scotten (*pro hac vice*)
nscotten@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10015
Phone: (212) 506-5000
Fax: (212) 506-5151

8

Tarek Ismail (*pro hac vice*)
tismail@goldmanismail.com
Rami Fakhouri (*pro hac vice*)
rfakhouri@goldmanismail.com
GOLDMAN, ISMAIL, TOMASELLI,
BRENNAN & BAUM LLP
200 South Wacker Drive, 22nd Floor
Chicago, IL 60606
Phone: (312) 681-6000
Fax: (312) 881-5191

*Attorneys for Defendant Gilead Sciences, Inc.*

DEFENDANT GILEAD SCIENCES, INC.'S NOTICE OF MOTION AND FIFTH MOTION TO DISMISS
PLAINTIFF'S CLAIMS FOR FAILURE TO RESPOND TO PLAINTIFF FACT SHEET DEFICIENCY NOTICE –
NO. 4:18-CV-06972-JST

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June, 2024, I electronically filed the foregoing with the Court using the CM/ECF system, and thereby delivered the foregoing by electronic means to all counsel of record.


/s/ *Eva M. Weiler*
Eva M. Weiler

DEFENDANT GILEAD SCIENCES, INC.'S NOTICE OF MOTION AND FIFTH MOTION TO DISMISS
PLAINTIFF'S CLAIMS FOR FAILURE TO RESPOND TO PLAINTIFF FACT SHEET DEFICIENCY NOTICE –
NO. 4:18-CV-06972-JST